IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL S. HENRY and DOREEN H. LEE,<br><br>    Plaintiffs,<br><br>  v.<br><br>HOMECOMINGS FINANCIAL, et al.,<br><br>    Defendants.<br>_____/ | No. 2:08-CV-02029-JAM-DAD<br><br><u>ORDER DENYING MOTION FOR<br>EMERGENCY RELIEF</u> |

    On September 22, 2008, Michael S. Henry and Doreen H. Lee (collectively "Plaintiffs"), filed their First Amended Complaint against Homecomings Financial, ETS Services, LLC, Iileanna Peterson, Greg Walsh, and Gold Link Real Estate (collectively "Defendants") alleging violations of Article VI, Section 2 of the United States Constitution and of due process.  Plaintiffs now seek temporary injunctive relief.  For the reasons stated below, Plaintiffs' Motion is DENIED.

1

BACKGROUND

On June 1, 2006, Plaintiffs refinanced their mortgage loan for the property located at 2560 Sunnydale Lane, Penryn, CA (the "Property") with Homecomings Financial.  First Amended Complaint ("FAC") ¶ 2.  After January 31, 2008, Plaintiffs were no longer able to meet their monthly payments on the loan.  Id. ¶ 3.  On August 20, 2008, a Notice of Trustee's Sale was issued, indicating that Plaintiffs were in default and that the Property might be sold at a public sale.  Id. Ex. A.  On September 19, 2008, Greg Walsh from Gold Link Real Estate posted a notice ("Notice") indicating that the Property had been acquired through foreclosure.  Id.

Plaintiffs filed this action on August 28, 2008.  Docket at 1.  Plaintiffs amended their Complaint on September 22, 2008 to add Greg Walsh and Gold Link Real Estate as Defendant.  Docket at 7.  Plaintiffs now move to quash, vacate, and set aside the Notice and seek a restraining order against Defendants.

OPINION

Rule 65 permits a court to issue a temporary restraining order without notice to the adverse party under certain circumstances.  "The standard for issuing a [temporary restraining order] is similar to the standard for issuing a preliminary injunction."  Garrett v. City of Escondido, 465 F.

Supp. 2d 1043, 1049 (S.D. Cal. 2006).  The Ninth Circuit has stated:

> [T]he standard for granting a preliminary injunction balances the plaintiff's likelihood of success against the relative hardship to the parties. We have described two sets of criteria for preliminary injunctive relief. Under the "traditional" criteria, a plaintiff must show (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases).  Alternatively, a court may grant the injunction if the plaintiff demonstrates either a combination of probable success on the merits and the possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in his favor.

Save Our Sonoran, Inc. v. Flowers, 408 F.3d 1113, 1120 (9th Cir. 2005).  In this case, Plaintiffs have failed to demonstrate a likelihood of success on the merits.  Plaintiffs seek to bring claims under the Supremacy Clause of the United States Constitution and the Due Process Clause of the Fourteenth Amendment.  Plaintiffs cannot bring a claim under the Supremacy Clause because they have failed to allege the existence of a conflicting law.  See Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 107 (1989) (finding that the Supremacy Clause "is not a source of any federal rights; it secures federal rights by according them priority whenever they come in conflict with state law.") (internal citations omitted).  Plaintiffs may not maintain a claim for violation of due process because they have

not alleged any state action.  See Blum v. Yaretsky, 457 U.S. 991, 1002 (1982) ("The Fourteenth Amendment of the Constitution provides in part that '[no] State shall . . . deprive any person of life, liberty, or property without due process of law.' Since this Court's decision in the Civil Rights Cases, 109 U.S. 3 (1883), the principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States.  That Amendment erects no shield against merely private conduct, however discriminatory or wrongful.") (internal citations omitted).  Therefore, Plaintiffs are unlikely to succeed on the merits.  Accordingly, injunctive relief is not warranted.

ORDER

For the reasons stated above, Plaintiffs' Motion for Emergency Relief is DENIED.

Dated: September 24, 2008

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE