IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL S. HENRY and
DOREEN H. LEE,

      Plaintiffs,                  No. CIV S-08-2029 JAM DAD PS

  v.

HOMECOMINGS FINANCIAL,         <u>ORDER AND</u>
et al.,
                                                   <u>FINDINGS AND RECOMMENDATIONS</u>
      Defendants.
_____/

        This case came before the court on November 14, 2008, for hearing of the motion to dismiss brought by defendants Homecomings Financial, Executive Trustee Services, LLC (sued as ETS Services, LLC), and Ileanna Petersen as Trustee. The court also addressed the motion to dismiss brought by defendants Greg Walsh and Gold Link Real Estate (sued as Agency Gold Link Real Estate). No appearance was made by the plaintiffs, who are proceeding pro se. Alice M. Dostalova, Esq. appeared in court on behalf of the Homecomings, ETS, and Petersen defendants, and Suzanne M. Martin, Esq. appeared telephonically on behalf of the Walsh and Gold Link defendants. Upon consideration of all written materials filed in connection with the motions, the statements of counsel at the hearing, and the entire file, the undersigned recommends that defendants' motions be granted and this action be dismissed.

BACKGROUND

On August 28, 2008, plaintiffs paid the filing fee and filed a complaint for injunctive relief against Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen, Trustee. Summonses were issued, and the court set a status conference for December 5, 2008.[1] Plaintiffs subsequently filed, as a matter of right, an amended complaint for injunctive relief against the three previously named defendants and additional defendants Greg Walsh and Gold Link Real Estate.

Defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen as Trustee filed their motion to dismiss on October 10, 2008, and defendants Greg Walsh and Gold Link Real Estate filed their motion on October 13, 2008. Both motions were noticed for hearing on November 14, 2008.[2] On October 31, 2008, plaintiff Lee filed a document titled "Notice of, and Cross Motion of Pro Se Lee, To Be Heard Under Advisement." The court construes this document as plaintiff Lee's timely opposition to dismissal of the case. Plaintiff Henry did not respond to defendants' motions in any way. Defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen filed a timely reply to plaintiff Lee's opposition.

The amended complaint filed by the plaintiffs on September 22, 2008 was accompanied by an application for emergency relief. By an order filed on September 24, 2008, the application was denied by United States District Judge John A. Mendez because plaintiffs failed to demonstrate a likelihood of success on the merits of the claims alleged in the amended complaint.

---

[1] By order filed November 5, 2008, the status conference was vacated pending disposition of defendants' motions.

[2] Due to a defect in the proof of service that accompanied the motion to dismiss filed by defendants Greg Walsh and Gold Link Real Estate, those defendants filed and served an amended notice of motion on November 7, 2008, by which the motion was set for hearing on December 19, 2008.

1   The court's records reflect that plaintiffs prepared a second amended complaint for filing in this case but subsequently filed the pleading as a new case after the Clerk of the Court advised them that summonses would not be issued absent leave of court to file a second amended complaint. In <u>Henry, et al. v. Homecomings Financial, et al.</u>, case No. CIV S-08-2273 GEB GGH PS, the assigned magistrate judge has recommended that plaintiffs' second case be dismissed as a duplicative action. In her opposition to defendants' motions to dismiss the present case, plaintiff Lee has suggested that the two cases be consolidated. Plaintiffs have not filed a proper motion for consolidation, and consolidation would be improper where plaintiffs seek to join additional defendants and claims without proper amendment to their operative pleading. Plaintiff Lee's informal request will be denied.

## PLAINTIFFS' CLAIMS

Plaintiffs' Amended Complaint for Injunctive Relief alleges violations of Article VI, Section 2 of the United States Constitution and the right to Due Process of Law.

Plaintiffs allege that in 2006 they refinanced their home mortgage loan with Homecomings Financial and began making new monthly payments of $3,484.95 on July 11, 2006. On October 23, 2006, plaintiffs acquired a home equity line of credit from Homecomings Financial. Plaintiffs made timely payments through January 31, 2008, but were unable to do so thereafter. Plaintiffs notified Homecomings Financial of their inability to meet the monthly payment, attempted to negotiate a new payment plan, and made some partial payments. Plaintiffs allege that they received a notice of default on August 25, 2008. Attached to the pleading is a copy of a Notice of Trustee's Sale issued by Ileanna Petersen, Trustee Sale Officer for Execitove Trustee Services, LLC, on August 20, 2008. The notice states that plaintiffs are in default and that the property at 2560 Sunnydale Lane will be sold at a public sale on September 18, 2008, if plaintiffs do not take action to protect the property from sale. Another exhibit reveals that on September 19, 2008, Greg Walsh of Gold Link Real Estate posted a notice that the property had been acquired through foreclosure proceedings.

By their amended complaint, plaintiffs seek injunctive relief on the grounds that the notice of trustee's sale and auction of plaintiffs' property were unconstitutional under Article VI, Section 2 and violated plaintiffs' right to due process of law.  Although the pleading does not specify the injunctive relief sought, plaintiffs' application for emergency relief sought an order quashing, vacating, and setting aside "all subject matter pertaining to Defendants' Notice dated September 19, 2008."  (Pls.' Sept. 22, 2008 Application for Inj. Relief at 1.)

## ANALYSIS

Defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen seek dismissal of plaintiffs' claims with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Defendants argue that the pleading fails to state what conduct plaintiffs seek to enjoin and that plaintiffs' allegations describe no conduct which would provide a basis for injunctive relief.

Defendants Greg Walsh and Gold Link Real Estate seek dismissal pursuant to Rules 12(b)(1) and 12(b)(6) and, in the alternative, a more definite statement under Rule 12(e). Defendants Walsh and Gold Link note that plaintiffs' amended complaint does not contain a single allegation against either of them, entitling them, at the very least, to an amended pleading that makes a more definite statement about plaintiffs' grounds for suing them.

I. <u>Legal Standards Applicable to Defendants' Motions</u>

    A. <u>Federal Rule of Civil Procedure 12(b)(1)</u>

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action.  "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." <u>Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp.</u>, 594 F.2d 730, 733 (9th Cir. 1979).

/////

B. Federal Rule of Civil Procedure 12(b)(6)

In contrast to a Rule 12(b)(1) motion, the purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, ___, 127 S. Ct. 1955, 1974 (2007). Thus, a defendant's Rule 12(b)(6) motion challenges the court's ability to grant any relief on the plaintiff's claims, even if the plaintiff's allegations are true.

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). The court is permitted to consider material which is properly submitted as part of the complaint, documents not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

C. Federal Rule of Civil Procedure 12(e)

Rule 12(e) of the Federal Rules of Civil Procedure is designed to strike at unintelligibility, rather than want of detail. See Woods v. Reno Commodities, Inc., 600 F. Supp. 574, 580 (D. Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491 F. Supp. 1364, 1385 (N.D. Cal. 1980). The rule permits a party to move for a more definite statement "[i]f a pleading

is so vague that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e).  The function of such a motion is thus not to require the pleader to disclose details of the case, see <u>Boxall v. Sequoia Union High Sch. Dist.</u>, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979), or to provide the evidentiary material that may properly be obtained by discovery, see <u>Famolare, Inc. v. Edison Bros. Stores, Inc.</u>, 525 F. Supp. 940, 949 (E.D. Cal. 1981).  A motion for more definite statement should be denied if a pleading meets federal standards by providing a short and plain statement of the claim showing that the pleader is entitled to relief.  See Fed. R. Civ. P. 8(a)(2).

II. <u>Discussion</u>

    A. <u>Rule 12(b)(1)</u>

The court turns first to the issue of subject matter jurisdiction.  Defendants Greg Walsh and Gold Link Real Estate acknowledge plaintiffs' citation to Article VI of the United States Constitution.  They argue, however, that the facts alleged by plaintiff do not pertain to any of the matters contained in Article VI, which defendants describe as pertaining to debts of the United States, treaties, and oaths or affirmations to support the Constitution.  Defendants do not address plaintiffs' references to due process.

Article VI, Section 2 of the United States Constitution provides that "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land."  The Supremacy Clause, while "'not a source of any federal rights,'" "[secure[s] federal rights by according them priority whenever they come in conflict with state law.'"  <u>Golden State Transit Corp. v. City of Los Angeles</u>, 493 U.S. 103, 107 (1989) (quoting <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 613 (1979)).

The Fifth and Fourteenth Amendments to the Constitution guarantee a right to due process of law.  The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law," and Section 1 of the Fourteenth Amendment

provides that no state shall "deprive any person of life, liberty, or property, without due process of law." The difference between the two provisions is that the Fifth Amendment applies to federal actors, while the Fourteenth Amendment applies to state actors. Betts v. Brady, 316 U.S. 455, 462 (1942) ("Due process of law is secured against invasion by the federal Government by the Fifth Amendment and is safeguarded against state action in identical words by the Fourteenth."), overruled on other grounds by Gideon v. Wainwright, 372 U.S. 335 (1963).

The court finds that the plaintiffs have alleged violations of constitutional provisions over which this court has subject matter jurisdiction. The sufficiency of plaintiffs' allegations with regard to those constitutional provisions is properly addressed under Rule 12(b)(6) rather than Rule 12(b)(1).

B. Rule 12(b)(6)

The Honorable John A. Mendez held in his Order filed September 24, 2008, that "[p]laintiffs cannot bring a claim under the Supremacy Clause because they have failed to allege the existence of a conflicting law." (Order filed Sept. 24, 2008, at 3) (citing Golden State Transit Corp., 493 U.S. at 107). Plaintiffs were placed on notice of this pleading defect by Judge Mendez in his order, and defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen now seek dismissal of plaintiffs' Supremacy Clause claim because there is no allegation of a conflicting state law. Plaintiffs do not argue that any defendant acted pursuant to a state law that conflicts with federal law, and there is no indication that plaintiffs can make such an argument. Accordingly, plaintiffs' claim under the Supremacy Clause should be dismissed for failure to state a claim.

In his order Judge Mendez also held that "[p]laintiffs may not maintain a claim for violation of due process because they have not alleged any state action." (Id. at 3-4.) Judge Mendez quoted the Supreme Court's observation that "the principle has become firmly embedded in our constitutional law that the action inhibited by the first section of the Fourteenth Amendment is only such action as may fairly be said to be that of the States. That Amendment

erects no shield against merely private conduct, however discriminatory or wrongful." (Id. at 4) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)). See also Clement v. City of Glendale, 518 F.3d 1090, 1093 (9th Cir. 2008) ("The courts have long interpreted [the due process requirement of the Fourteenth Amendment] – along with the parallel restriction on the federal government in the Fifth Amendment – to require that notice generally be given before the government may seize property. In other words, the government many not take property like a thief in the night; rather, it must announce its intentions and give the property owner a chance to argue against the taking.")

Here, plaintiffs allege only private conduct. Plaintiffs were made aware of this defect in their due process claim by Judge Mendez in his order, and defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen now seek dismissal of plaintiffs' due process claim because none of the defendants are state actors. Defendants Greg Walsh and Gold Link Real Estate also seek dismissal because plaintiffs have not alleged any facts linking them to any denial of due process rights. Plaintiffs have not asserted that any state action occurred. Accordingly, the due process claim should also be dismissed for failure to state a claim.

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments). Dismissal of both of plaintiffs' claims should be without leave to amend because plaintiffs have failed to demonstrate that they can allege facts that would cure the defects of either claim and, therefore, it would be futile to grant plaintiffs further leave to amend.

Finally, the undersigned notes plaintiffs' references to "joint diversity." To the extent that plaintiffs are alleging jurisdiction predicated on diversity of citizenship, defendants

8

Greg Walsh and Gold Link Real Estate have called attention to plaintiffs' own allegations that the two of them share California citizenship with more than one of the defendants. Jurisdiction over this action cannot be predicated on diversity of citizenship as defined in 28 U.S.C. § 1332.

## CONCLUSION

For the reasons set forth above, IT IS ORDERED that:

1. The hearing set for December 19, 2008, at 10:00 a.m., before the undersigned is vacated;

2. Plaintiff Lee's October 31, 2008 cross-motion (Doc. No. 18) for consolidation of this action with Henry, et al. v. Homecomings Financial, et al., case No. CIV S-08-2273 GEB GGH PS, is denied;

3. The request for judicial notice (Doc. No. 21) filed by defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen as Trustee is granted; and

IT IS RECOMMENDED that:

1. The October 10, 2008 motion to dismiss (Doc. No. 13) filed by defendants Homecomings Financial, Executive Trustee Services, LLC, and Ileanna Petersen as Trustee be granted pursuant to Federal Rule of Civil Procedure 12(b)(6);

2. The October 13, 2008 motion to dismiss (Doc. No. 17) filed by defendants Greg Walsh and Gold Link Real Estate be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); and

3. This action be dismissed with prejudice.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file and serve written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections

shall be filed and served within ten days after the objections are served. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 18, 2008.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1/orders.pro se/henry2029.oahmtds.f&r